**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE:

**LAWRENCE JAMES KLUG**                                                                    **CASE NO. 10-53071**

**DEBTOR**

**JENNIFER P. BORDERS**                                                                    **PLAINTIFF**

**V.**                                                                                              **ADV. CASE NO. 10-5115**

**LAWRENCE JAMES KLUG, et al.**                                                        **DEFENDANTS**


**MEMORANDUM OPINION**

The issues before the Court are (1) the effect of the Debtor's discharge on the Plaintiff's causes of action and (2) whether the Plaintiff, a judgment creditor, has standing to bring a state law fraudulent conveyance claim against the Debtor and non-debtor third-party transferees following the Debtor's discharge but prior to the close of the Debtor's Chapter 7 bankruptcy. Because the Plaintiff failed to timely file a non-dischargeability action pursuant to 11 U.S.C. §523(a), the Plaintiff's pre-petition *in personam* claims against the Debtor are dischargeable and have been discharged. Further, the Plaintiff is enjoined from prosecuting any *in rem* remedies that the Plaintiff may have against the Debtor by the automatic stay, or 11 U.S.C. §362(a). Finally, because the Chapter 7 Trustee has the exclusive right to bring a fraudulent conveyance action pursuant to 11 U.S.C. §544 and/or §548 during the pendency of the Debtor's bankruptcy case, the Plaintiff lacks standing to prosecute her causes of action against the Debtor and the non-debtor third-party transferee defendants. For these reasons, the Plaintiff's Complaint shall be dismissed.

1

**Facts**

The Plaintiff's causes of action in the adversary proceeding are based on a debt arising from state court litigation filed prior to the Debtor's Chapter 7 bankruptcy. On September 30, 2005, the Debtor sold real property in Nicholasville, Jessamine County, Kentucky to the Plaintiff. Approximately a year later, on September 15, 2006, the Plaintiff filed a complaint in Jessamine Circuit Court alleging the Debtor acted negligently and fraudulently in the construction and sale of the home. The state court litigation lasted approximately three years and was ultimately resolved by an Agreed Judgment against the Debtor in the amount of $220,500.00, plus interest, entered in the Jessamine Circuit Court record on April 27, 2009.

The Debtor filed for Chapter 7 bankruptcy on September 28, 2010. The last day to oppose his discharge or to seek to except a debt from his discharge was January 3, 2011. No opposition to discharge or the dischargeability of any debt was filed and the Debtor's discharge was entered on January 20, 2011.

On December 27, 2010, the Plaintiff brought this adversary proceeding against the Debtor and two non-debtor third party transferees, Ginger R. Stinnett and Micheal J. Stinnett (collectively the "Defendants"), pursuant to K.R.S. §378.010[1], §378.020[2], and §378.030[3], or

---

[1] K.R.S. §378.010 states "[e]very gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to delay, hinder or defraud creditors, purchasers or other persons, and every bond or other evidence of debt given, action commenced or judgment suffered, with like intent, shall be void as against such creditors, purchasers and other persons. This section shall not affect the title to the purchaser for a valuable consideration, unless it appears that he had notice of fraudulent intent of his immediate grantor or other fraud rendering void the title of such grantor."

[2] K.R.S. §378.020 states, "[e]very gift, conveyance, assignment, transfer or charge made by a debtor, of or upon any of his estate without valuable consideration therefor, shall be void as to all his then existing creditors, but shall not, on that account alone, be void as to creditors whose claims are thereafter contracted, nor as to purchasers from the debtor with notice of the voluntary alienation or charge."

[3] K.R.S. §378.030 states, "[a]ny party aggrieved by the fraudulent conveyance, transfer or mortgage of real property may file a petition in equity against the parties thereto or their representatives or heirs, alleging the facts showing his right of action, alleging the fraud or the facts constituting it and describing the property. When this petition is filed a lis pendens shall be created upon the property described, and

state fraudulent conveyance law.  The Plaintiff alleges that during the course of the state court litigation, the Defendants acted in concert and participated in a scheme to transfer the Debtor's assets for improper or no consideration to his daughter, Ginger Stinnett, and son-in-law, Michael Stinnett, in an attempt to make the Debtor "judgment proof."  According to the Plaintiff, the Debtor transferred these assets to hinder the Plaintiff from recovering the damages entitled to her by the Agreed Judgment and to shield his assets from his creditors.  The Plaintiff made no allegations based on any provisions of the Bankruptcy Code, including any allegations under 11 U.S.C. §523, §544, or §548.  The matter was set for trial on May 24, 2011.

The Defendants answered the Complaint denying the Plaintiff's allegations and later amended their Answer to raise various affirmative defenses, including (1) the Plaintiff lacks standing to bring her causes of action and (2) the Court lacks subject matter jurisdiction.

On May 16, 2011, the Court vacated the trial date and issued an order *sua sponte* requiring the Plaintiff and the Defendants to brief three issues: (1) the effect of the entry of the Debtor's January 20, 2011 discharge on the Plaintiff's claims; (2) the basis for the Court's jurisdiction; and (3) the basis for the Plaintiff's standing.  The Plaintiff responded by filing supplemental briefs [Doc. 32 & 39] arguing that the entry of discharge did not prohibit the Plaintiff's ability to pursue her state law fraudulent conveyance claims against the Debtor and the non-debtor third-party transferees.  She argues that the Debtor's discharge does not apply to the non-debtor third-party transferees and she is entitled to proceed *in rem* against the Debtor, despite his discharge, based on a judgment lien filed in Fayette County.  The Plaintiff further takes the position that she has standing to pursue her claims and the Court has jurisdiction to hear her claims pursuant to 28 U.S.C. §1334(b) and §157(b)(2)(H).

---

the suit shall progress and be determined as other suits in equity and as thought it had been brought on a return of nulla bona."

The Defendants also filed supplemental briefs [Doc. 33 & 40] in response to the Court's Order and they take the position that the entry of the Debtor's discharge renders the Plaintiff's causes of action moot. According to the Defendants, the underlying debt arising from the state court litigation has been discharged. The Defendants argue that the only way the Plaintiff may except that debt from discharge is by filing a non-dischargeability action pursuant to 11 U.S.C. §523(a)(2), §523(a)(4), and/or §523(a)(6) for debts allegedly incurred by fraudulent conduct. *See* 11 U.S.C. §523(a). The Defendants argue the Plaintiff cannot now seek to except that debt from discharge under these provisions because she failed to bring a non-dischargeability action within sixty days after the first date set for the §341 meeting of creditors. *See* Fed. R. Bank. P. 4007 (requiring a complaint to obtain a determination of dischargeability under §523(c) of any debt to be filed no later than sixty days after the first date set for the meeting of creditors under §341(a)).

The Defendants also argue the Plaintiff lacks standing to bring her state law fraudulent conveyance action in the bankruptcy forum. According to the Defendants, only the Trustee has the right to bring an avoidance action in an adversary proceeding during a pending bankruptcy. Finally, the Defendants contend that the Court lacks subject matter jurisdiction over the Plaintiff's state law *in rem* claims, citing without discussion the United States Supreme Court's recent ruling in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

## Analysis

The Court has jurisdiction pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(H).

The Court agrees with the Defendants that any debt owed by the Debtor arising from the state court litigation is discharged. The Plaintiff failed to file a non-dischargeability action pursuant to 11 U.S.C. §523(a)(2), §523(a)(4), and/or §523(a)(6) for the Debtor's alleged fraudulent activity within the time period provided by Federal Rule of Bankruptcy Procedure

4

4007. She is therefore prohibited from prosecuting any *in personam* claims arising from the state court litigation against the Debtor post-discharge.

As for the Plaintiff's alleged *in rem* claim arising from the judgment lien attached to property of the Debtor in Fayette County, such property is property of the estate and therefore protected by the automatic stay. See 11 U.S.C. §541; 11 U.S.C. §362(a) and §362(c)(1). Although the Debtor has received his discharge, the case has not been closed nor has the Trustee formally abandoned any property of the estate. In addition, the Plaintiff has not sought a modification of the stay. Thus, the automatic stay is in place and enjoins the Plaintiff from proceeding *in rem* against the Debtor's real estate.

Finally, the law is clear that creditors have no standing to prosecute a fraudulent transfer action in their own right and for their own benefit during a bankruptcy even if they would have had standing to do so outside of bankruptcy. The Trustee has the exclusive right to bring an action for fraudulent conveyance pursuant to 11 U.S.C. §548 and/or §544 during the pendency of bankruptcy proceedings. *See Hatchett v. U.S.*, 330 F.3d 875, 886 (6th Cir. 2003); s*ee also Nat.'l Am. Ins. Co. v. Ruppert Landscaping Co., Inc.*, 187 F.3d 439, 441 (4th Cir. 1999) (holding as long as the bankruptcy is pending, the trustee has the exclusive right to bring a fraudulent conveyance action). A right to bring a fraudulent transfer claim under §548 or a state law claim pursuant to §544(b) is estate property. Any attempt by a creditor to pursue a fraudulent conveyance action is therefore barred by the automatic stay, or 11 U.S.C. §362(a). See 5 COLLIER ON BANKRUPTCY ¶ 548.02[5] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011).

The Debtor's bankruptcy case has not been closed nor has the Trustee formally abandoned the claims. Accordingly, the Chapter 7 Trustee is the only party that currently has standing to bring this fraudulent conveyance action and any attempt to prosecute a fraudulent

5

conveyance action by the Plaintiff during the course of the Debtor's bankruptcy is barred by the automatic stay.

## Conclusion

For the foregoing reasons, the Plaintiff's Complaint shall be DISMISSED. A separate order shall be entered accordingly.

Copies To:

Trevor Wells, Esq.

John Simms, Esq.

6

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Wednesday, August 03, 2011
(tnw)**